UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE J. HITCHCOCK,                              )<br>                                                             )<br>               Plaintiff,                          )<br> v.                                                         )<br>                                                             )<br> STAN STANLEY; RICHARD BURTZ;     )<br> PATHFINDERS of SAN DIEGO, INC.,    )<br>                                                             )<br>                                                             )<br>               Defendants.                       )<br>                                                             ) | Civil No.08cv2007 L (NLS)<br><br>**ORDER DENYING SECOND MOTION**<br>**FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 38] |

    Plaintiff Lyle Hitchcock became a resident at the Pathfinders Shelter Plus Care apartments on July 1, 2003. Compl. ¶ 8. Part of the residency requirement at Pathfinder included attending mandatory daily meetings. Compl. ¶ 24. Defendant Pathfinders of San Diego, Inc. (Pathfinders) eventually added to the mandatory meeting schedule a Saturday night meeting from 8:15 p.m. to 9:30 p.m. Compl. ¶ 9. After some time, Plaintiff could no longer attend those Saturday night meetings due to his health conditions. *Id.* He produced a note from his primary care physician to Defendants Stanley and Burtz that said Plaintiff should curtail all activity after 6:00 p.m. *Id.* Defendants eventually evicted Plaintiff for failure to attend the required meetings. Mot. for Appt. Counsel [Doc. No. 38], p.2.

    Plaintiff filed his complaint against Defendants on October 29, 2008. He complains that Pathfinders and its officials and employees violated Plaintiff's constitutional, statutory and common law rights, including his right to a reasonable accommodation under the Americans with Disabilities Act. Plaintiff also filed motions to proceed in forma pauperis and for appointment of counsel. The court

denied Plaintiff's two motions on October 31, 2008.  The court held an Early Neutral Evaluation and a Case Management Conference in the spring of 2009.  Plaintiff participated in both those conferences.

Now, Plaintiff again asks the court for appointment of counsel.  He argues this case is complex. Plaintiff asserts that he has had to deal with two separate law firms hired by Defendants, he has encountered various problems concerning the availability of his witnesses, Defendants have not disclosed requested information to him, he had problems with settlement efforts at the Early Neutral Evaluation, he has been unable to retrieve medical records, he has no internet service or independent transportation so as to hinder his ability to prepare and serve filings for this case, and Plaintiff's medical conditions could prevent him to going through with a trial.  Plaintiff says he is indigent and has not been able to find a private attorney to take this case.

**Appointment of Counsel.**

The Constitution provides no right to appointment of counsel in a civil case. *See Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Under 28 U.S.C. § 1915 (e)(1) and 42 U.S.C. §2000e(5)(f)(1), district courts are granted jurisdiction to appoint counsel under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his or her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims. In the complaint and in motions filed with the court, Plaintiff clearly articulates the contours of his claims. Plaintiff has adequately represented himself at court conferences.  The court does not find exceptional circumstances here to warrant appointing counsel to represent Plaintiff.  Accordingly, and for good cause, the court **DENIES** Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED**

DATED:  August 31, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge