# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE J. HITCHCOCK, | Civil No.08cv2007 L (NLS) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| STAN STANLEY; RICHARD BURTZ; PATHFINDERS of SAN DIEGO, INC., | [Doc. No. 40] |
| Defendants. | |

Plaintiff filed this pro se civil rights action on October 29, 2008. He complains that defendants Pathfinders and its officials and employees violated Plaintiff's constitutional, statutory and common law rights, including his right to a reasonable accommodation under the Americans with Disabilities Act. Plaintiff also filed motions to proceed in forma pauperis and for appointment of counsel. The court denied Plaintiff's two motions on October 31, 2008. The court held an Early Neutral Evaluation and a Case Management Conference in the spring of 2009. Plaintiff participated in both those conferences.

On August 31, 2009 the court denied Plaintiff's second motion for appointment of counsel. Plaintiff now moves for reconsideration of that order. For the following reasons, the court **DENIES** the motion for reconsideration.

/ / /

/ / /

/ / /

**Legal Standard.**

Under Rule 54(b),

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. Proc. 54(b). In the Southern District of California, motions for reconsideration are also governed by Civil Local Rule 7.1(i). The rule requires that for any motion for reconsideration,

> it shall be the continuing duty of each party and attorney seeking such relief to present to the judge . . . an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

Civ. L.R. 7.1(i)(1).

The court has "inherent jurisdiction to modify, alter, or revoke" all non-final orders, "absent some applicable rule or statute to the contrary." *Martin*, 226 F.3d at 1049; *see Qualcomm Inc. v. Broadcom Corp.*, 2008 WL 2705161 at * 1 (S. D. Cal. 2008) (relying on inherent authority). Allowing such reconsideration "furthers the policy favoring judicial economy." *U.S. v. Jones*, 608 F.2d 386, 390 n.2. (9th Cir. 1979).

"The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Although Civil Local Rule 7.1(i)(1)(3) does not specifically limit the new facts to those that could not have been shown in the original application through the use of reasonable diligence, strong policy reasons exist for such a restriction.

**Discussion and Order.**

Plaintiff argues there are new allegations that were not considered in the original motion for counsel and states there is a changed, or extraordinary circumstance. He argues that he has an educational and psychiatric history that make prosecuting a complex civil rights action almost

1  impossible, he is disadvantaged against a team of trained and experienced attorneys, prosecuting and
2  trying the action would take a toll on his health, and counsel is needed to investigate the case and
3  present the facts.  These are facts that either were already presented, or could have been presented, in the
4  original motion for appointment of counsel.  These are not new or different facts or circumstances that
5  justify reconsideration of the court's order.  Because "[n]either the Local Civil Rules nor the Federal
6  Rule[s] of Civil Procedure, which allow for a motion for reconsideration, [are] intended to provide
7  litigants with a second bite at the apple," the court **DENIES** Plaintiff's motion for reconsideration.
8  *Verble v. 9th U.S. Dist. Court*, 2007 U.S. Dist. LEXIS 33026, *3 (S.D. Cal. 2007).

**IT IS SO ORDERED.**

DATED:  October 26, 2009

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court